UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARJORIE AHUMADA, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>GLOBAL WIDGET, LLC d/b/a HEMP BOMBS,<br><br>*Defendant*. | Case No.   19-cv-12005-ADB |

**DEFENDANT GLOBAL WIDGET, LLC'S MOTION TO DISMISS AND STRIKE, OR, IN THE ALTERNATIVE, STAY**

Now comes defendant Global Widget, LLC ("Defendant") and moves this Court to dismiss and strike, or, in the alternative, stay plaintiff Marjorie Ahumada's ("Plaintiff") First Amended Class Action Complaint [ECF No. 4] ("the Complaint"). Plaintiff alleges that she purchased two packets of Defendant's 5-count 75 mg "Hemp Bombs Gummies" for a total of $16.98 at a convenience store in Haverhill, Mass., and Plaintiff claims these gummies did not contain the amount of cannabidiol ("CBD") identified on the label.  In support of its motion, Defendant states that Plaintiff lacks standing to assert any claims as to alleged mislabeling of products she did not purchase and lacks standing to obtain injunctive relief because there is no likelihood Plaintiff will be affected by Defendant's allegedly wrongful conduct in the future.

Even if Plaintiff had standing to pursue the above claims—which she does not—Plaintiff's Complaint should be dismissed because Plaintiff's claims are preempted by the United States Food and Drug Administration's ("FDA") comprehensive regulation of dietary supplement labeling and related consumable products. Plaintiff does not allege that her testing of Defendant's products conformed to FDA mandated testing regulations, and district courts routinely dismiss false labeling

claims when the plaintiff fails to allege that product testing complied with FDA's testing requirements.

Alternatively, Plaintiff's Complaint should be dismissed or stayed pursuant to the doctrine of primary jurisdiction because of impending regulatory action by the FDA regarding hemp and CBD products. In 2019, the FDA conducted a public hearing on the matter, instituted an agency task force and created a public docket for comment, and stated it is evaluating regulatory frameworks for CBD products, including potential updates to regulations. Congress placed resolution of these testing and labeling issues within the FDA's jurisdiction and also preempted any state laws inconsistent with FDA rules. Congress has also introduced legislation, as recently as January 13, 2020, to mandate that FDA treat CBD as a dietary supplement and develop regulations to that effect. As such, this matter should be dismissed or stayed, pending the FDA's impending regulatory action.

Even if any of Plaintiff's individual claims are allowed to proceed, Plaintiff's nationwide class claim must be dismissed and/or stricken because Plaintiff's purported national class action claim rests exclusively upon breach of warranty claims, and, as courts in this district have already acknowledged, the substantial differences in various states' warranty laws renders any purported nationwide breach of warranty class action completely unmanageable. Similarly, the substantive law of multiple jurisdictions applies to Plaintiff's nationwide claim and, pursuant to Fed. R. Civ. P. 23, the material differences in state warranty laws destroy any commonality or predominance, thereby requiring dismissal of Plaintiff's purported nationwide claims.

In fact, Plaintiff's allegations are insufficient to establish that this Court has subject matter jurisdiction pursuant to Plaintiff's Magnuson-Moss Warranty Act ("MMWA") claim because the Complaint does not have 100 named plaintiffs and Plaintiff's allegations are insufficient to

establish that she meets the MMWA's amount in controversy requirements. Notably, Plaintiff's Complaint is devoid of any allegation as to the value of the gummies as accepted by Plaintiff and, absent this information, Plaintiff fails to allege sufficient facts to establish that her claims meet the individual or class amount in controversy requirements of the MMWA. This Court does not have subject matter jurisdiction over her only remaining state law claims of breach of warranty and violation of G.L. c. 93A, and her Complaint must be dismissed.

Lastly, Plaintiff's individual claims of breach of warranty and violation of 93A must be dismissed pursuant to Rule 12(b)(6) because Plaintiff does not allege sufficient facts to show the existence of a warranty or contract by Defendant and Plaintiff does not allege sufficient facts to establish any unfair or deceptive act by Defendant.

Defendant incorporates herein the attached memorandum and Affidavit of Margaret Richardson.

WHEREFORE, for the reasons set forth above, defendant Global Widget, LLC respectfully requests that this Court dismiss and strike or, in the alternative, stay plaintiff Marjorie Ahumada's First Amended Class Action Complaint.

### RULE 7.1 CERTIFICATION

Defendant's counsel Kyle Diamantas certifies that he conferred with Plaintiff's counsel in a good-faith effort to narrow or resolve this issue prior to filing this motion.

### REQUEST FOR ORAL ARGUMENT

Defendant Global Widget, LLC requests a hearing on its motion.

Respectfully submitted,
GLOBAL WIDGET, LLC
By its attorneys,

/s/ *Emily G. Coughlin*
Emily G. Coughlin, BBO# 554526
Mathew J. Lynch, BBO# 689363
COUGHLIN BETKE LLP
175 Federal Street
Boston, MA 02110
(617) 988-8050
ecoughlin@coughlinbetke.com
mlynch@coughlinbetke.com

/s/ *Sara M. Turner*
**BAKER DONELSON**
Sara M. Turner (*pro hac vice*)
1400 Wells Fargo Tower
420 20th Street North, Suite 1400
Birmingham, AL 35203
Telephone: (205) 250-8316
Facsimile: (205) 250-3716
smturner@bakerdonelson.com

/s/ *Kyle A. Diamantas*
**BAKER DONELSON**
Kyle A. Diamantas (*pro hac vice*)
200 South Orange Ave., Suite 2900
Orlando, FL 32801
Telephone: (407) 422-6600
Facsimile: (407) 841-0325
kdiamantas@bakerdonelson.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of January 2020, I served a copy of the within document to all counsel of record via the Court ECF system.

/s/ *Emily G. Coughlin*
Emily G. Coughlin