## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARJORIE AHUMADA, individually and on behalf of all others similarly situated,<br>    *Plaintiff,*<br>v.<br>GLOBAL WIDGET, LLC d/b/a HEMP BOMBS,<br>    *Defendant.* | Case No. 19-cv-12005-ADB |

## JOINT STATUS REPORT

Plaintiff Marjorie Ahumada ("Plaintiff") and Defendant Global Widget, LLC ("Global Widget") hereby submit this Joint Status Report pursuant to the Court's August 11, 2020 Order (the "Stay Order") (ECF No. 34).

## PLAINTIFF'S POSITION

Global Widget's marketing and sale of the CBD dietary supplements that are the subject of this action has always been – and will always remain – illegal. The Food and Drug Administration ("FDA") has been steadfast in its finding that it is illegal to market CBD by adding it to food or labeling it as a dietary supplement. The FDA has not changed its position in the 20 months this case has been stayed and, in fact, has repeatedly and recently reaffirmed its position that the sale of CBD in dietary supplements is illegal.

On August 13, 2021, in response to one of Global Widget's competitors' submission of a New Dietary Ingredient Notification for a CBD product, the FDA once again "concluded that CBD products are excluded from the dietary supplement definition under 21 U.S.C. § 321(ff)(3)(B) (section 201(ff)(3)(B) of the Act)" and consequently that they "may not be marketed as or in a dietary supplement."

CBD products cannot be lawfully marketed or sold in a dietary supplement because, under 21 U.S.C. § 350b(a), the manufacturer or distributor of a dietary supplement containing a new

dietary ingredient ("NDI") that has not been present in the food supply as an article used for food in a form in which the food has not been chemically altered (such as CBD) must submit to FDA, <u>at least 75 days before the dietary ingredient is introduced or delivered for introduction into interstate commerce</u>, information that is the basis on which the manufacturer or distributor has concluded that a dietary supplement containing such new dietary ingredient will reasonably be expected to be safe.

      Global Widget did not go through this required NDI process and, instead, brought its CBD Products straight to the consumer market without the necessary regulatory review.  This, alone, is unlawful, as CBD products that do not go through the NDI process are considered to be adulterated under 21 U.S.C. § 342(f)(1)(B).  Thus, as previously indicated, even in the highly unlikely event the FDA does make CBD supplements and food with CBD legal, it will not do so retroactively.  If the FDA makes these products legal, and there remains every indication that it will not, there would inevitably be requirements for warnings, dosage, and disclosures regarding usage with other products and side effects, none of which are on the current labels of the Global Widget products.  Further, given the NDI process, the FDA is not going to sanction CBD manufacturers' conduct of marketing CBD products without adhering to the statutory and regulatory requirements prior to sale, including mislabeling them due to their underdosed nature.  Thus, the Global Widget products marketed to date are and will always be illegal.

      Indeed, under 21 U.S.C. § 350b(a)(2), there must be a history of use or other evidence of safety establishing that the NDI, when used under the condition recommended or suggested in the labeling of the dietary supplement, will reasonably be expected to be safe.  No such history or evidence exists for CBD products.  As noted in the August 13, 2021, letter, the existence of substantial clinical investigations involving CBD has been made public, and yet the FDA has not wavered in its clear and consistent position that there is insufficient evidence to alter its conclusion that CBD products cannot be lawfully sold. *See* [https://www.fda.gov/news-events/public-health-focus/fda-regulation-cannabis-and-cannabis-derived-products-including-cannabidiol-cbd#dietarysupplements](https://www.fda.gov/news-events/public-health-focus/fda-regulation-cannabis-and-cannabis-derived-products-including-cannabidiol-cbd#dietarysupplements), updated January 22, 2021 ("FDA is not aware of any evidence that would

call into question its current conclusions that [] CBD products are excluded from the dietary supplement definition under section 201(ff)(3)(B) of the FD&C Act" and "based on available evidence ... FDA has [] concluded that it is a prohibited act to introduce or deliver for introduction into interstate commerce any food [] to which [] CBD has been added …."); https://www.fda.gov/news-events/press-announcements/fda-warns-companies-illegally-selling-over-counter-cbd-products-pain-relief, updated March 22, 2021 (in warning letters issued to CBD companies, the FDA stated "as CBD has known pharmacological effects on humans, with demonstrated risks, it cannot be legally marketed as an inactive ingredient in OTC drug products that are not reviewed and approved by the FDA" and "there has been no FDA evaluation of whether these unapproved drug products are effective for the uses manufacturers claim, what an appropriate dose might be, how they could interact with FDA-approved drugs or other products or whether they have dangerous side effects or other safety concerns.").

For these very important reasons, Global Widget's conduct of skipping the required NDI process and bringing its products straight to the consumer market is unlawful and this conduct will never be permitted by the FDA or any other regulatory authority. Moreover, even beyond these developments in the regulatory sphere, Defendant's mislabeling actions will never be sanctioned, as stated above, and the Court does not need to await the FDA's further guidance of the *legality* of CBD products to determine this labeling is misleading and decide the controversy here.  Therefore, Plaintiff respectfully requests that the stay be lifted so that this litigation can proceed.

## DEFENDANT'S POSITION

On August 11, 2020, this Court issued an Order staying this action until such time as the FDA completes its rulemaking regarding the marketing, including labelling, of hemp-derived ingestible products.  ECF No. 34.  Since then, the FDA has not completed the relevant rulemaking but progress toward that goal has continued.[1]  Therefore, the stay remains appropriate.  Stays

---

[1]  FDA's online CBD information page titled "FDA Regulation of Cannabis and Cannabis-Derived Products, Including Cannabidiol (CBD)," explains that "[t]he agency is committed to protecting the public health while also

remain in place in similar pending cases. *See, e.g., Glass v. Global Widget*, No. 2:19-cv-01906 (E.D. Cal. Sept. 18, 2019); *Colette v. CV Sciences., Inc.*, No. 2:19-cv-10227 (C.D. Cal. Dec. 03, 2019); *Dasilva v. Infinite Prod. Co. LLC*, No. 2:19-cv-10148 (C.D. Cal. Nov. 27, 2019); *Moqeet v. Charlotte's Web, Inc.*, No. 2:20-cv-07092 (C.D. Cal. Aug. 06, 2020); *Davis v. cbdMD, Inc.*, No. 2:19-cv-10241 (C.D. Cal. Dec. 03, 2019).

On February 15, 2022, the Senate confirmed Dr. Robert Califf as Commissioner to lead the FDA.[2] Although Dr. Califf has not made any public comments related to CBD, new FDA leadership could impact the agency's rulemaking in this sphere.

Meanwhile, proposed legislation related to the regulation of CBD could expedite the FDA's rulemaking process. Earlier this month, a bipartisan group of legislators introduced the "CBD Product Safety and Standardization Act of 2021" to provide a regulatory framework for CBD products in food and beverages.[3] This bill adds to existing proposed legislation from earlier this year. In July, the Senate Majority Leader sponsored a bill that would, among other things, amend the definition of "dietary supplement" to remove the prohibition on marketing CBD as such.[4] Other legislation was introduced in the Senate to amend the federal Food, Drug, and Cosmetic Act to create a clear pathway for CBD's use in food, beverages and dietary supplements,[5] and in the House of Representatives to "allow[] the use of hemp, cannabidiol (i.e., CBD) derived

---

taking steps to improve the efficiency of regulatory pathways for the lawful marketing of appropriate cannabis and cannabis-derived products." *Available at* https://www.fda.gov/news-events/public-health-focus/fda-regulation-cannabis-and-cannabis-derived-products-including-cannabidiol-cbd (last accessed Dec. 21, 2021).

[2] Ariel Cohen, *Senate confirms Califf to Become Biden's FDA Commissioner*, Roll Call, Feb. 15, 2022, https://rollcall.com/2022/02/15/senate-confirms-califf-to-become-bidens-fda-commissioner/ (last accessed Mar. 2, 2022).

[3] CBD Product Safety and Standardization Act of 2021, H.R.__, 117th Cong. (2021), *available at* https://kathleenrice.house.gov/uploadedfiles/cbd_product_safety_and_standardization_act.pdf.

[4] Cannabis Administration & Opportunity Act, S.___, 117th Cong. (2021), *available at* https://www.politico.com/f/?id=0000017a-a490-dc3c-a57e-b4d8e25b0000; *see also* Senate Democrats, *Cannabis Administration & Opportunity Act*, WWW.DEMOCRATS.SENATE.GOV, https://www.democrats.senate.gov/imo/media/doc/CAOA%20Detailed%20Summary%20-.pdf (last accessed Dec. 21, 2021).

[5] Hemp Access and Consumer Safety Act, S.1698, 117th Cong. (2021), *available at* https://www.congress.gov/bill/117th-congress/senate-bill/1698/all-info.

from hemp, or any other ingredient derived from hemp in a dietary supplement, provided that the supplement meets other applicable requirements."[6]

Plaintiffs' attempt to relitigate the argument that a stay should not be granted because a statute or FDA rule would not be retroactive is unpersuasive for the same reasons this Court and others have previously recognized. As this Court explained in staying this case, "[w]hether cannabis regulations will apply retroactively is unknown, but given the widespread use and sale of CBD products and particularly the large number of states that have legalized their sale Congress may conclude that fairness, practicality, and comity require retroactive legislation." ECF No. 34 (citing *Colette v. CV Sciences, Inc.*, No. 2:19-cv-10227-VAP-JEM(x), 2020 WL 2739861, at *5 (C.D. Cal. May 22, 2020)); *see also Glass v. Glob. Widget, LLC,* No. 2:19-CV-01906-MCE-KJN, 2020 WL 3174688, at *4 (E.D. Cal. June 15, 2020) ("Any presumption against retroactivity, however, may be overcome by statutory authorization.").

Accordingly, Defendant respectfully submits that a stay remains appropriate.

\*   \*   \*

Pursuant to this Court's August 11, 2020 Order, the parties will provide an additional joint status report within ninety (90) day and will notify the Court within ten (10) days after the expected FDA regulations are issued.

Respectfully submitted this the 28th day of March, 2022.

| | |
|---|---|
| */s/ Jonathan Shub* | */s/ Emily G. Coughlin* |
| Jonathan Shub | Emily G. Coughlin, BBO# 55426 |
| Kevin Laukaitis | Matthew J. Lynch, BO# 689363 |
| SHUB LAW FIRM LLC | COUGHLIN BETKE LLP |
| 134 Kings Highway East | 175 Federal Street |
| 2nd Floor | Boston, MA 02110 |
| Haddonfield, NJ 08033 | (617) 988-8050 |
| jshub@shublawyers.com | ecoughlin@coughlinbetke.com |
| klaukaitis@shublawyers.com | mlynch@coughlinbetke.com |

---

[6] Hemp and Hemp-Derived CBD Consumer Protection and Market Stabilization Act of 2021, H.R.841, 117th Cong. (2021), *available at* https://www.congress.gov/bill/117th-congress/house-bill/841/text.

Jason M. Leviton (BBO# 678331)
BLOCK AND LEVITON LLP
260 Franklin Street, Suite 1860
Boston, MA 02110
T: 617-398-5600
F: 617-507-6020

Nick Suciu III*
BARBAT, MANSOUR & SUCIU PLLC
1644 Bracken Rd
Bloomfield Hills, Michigan 48302
313-303-3472
nicksuciu@bmslawyers.com

Gregory F. Coleman
Rachel Soffin
MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN, PLLC
800 S. Gay Street, Suite 1100
Knoxville, TN 37929
T: 865-247-0080
F: 865-522-0049
gcoleman@milberg.com
rsoffin@milberg.com

Neal J. Deckant
BURSOR & FISHER, P.A.
1990 N. California Blvd., Suite 940
Walnut Creek, CA 94596
(925) 300-4455
ndeckant@bursor.com

/s/ Sara M. Turner
BAKER DONELSON
Sara M. Turner (*pro hac vice*)
1400 Shipt Tower
420 20th Street North, Suite 1400
Birmingham, AL 35203
Telephone: (205) 250-8316
Facsimile: (205) 250-3716
smturner@bakerdonelson.com

6

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of March 2022, I served a copy of the within document to all counsel of record via the Court ECF system.

<u>/s/   Jonathan Shub</u>