UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARJORIE AHUMADA, individually and on behalf of all others similarly situated,<br>          *Plaintiff*,<br>v.<br>GLOBAL WIDGET, LLC d/b/a HEMP BOMBS,<br>          *Defendant.* | Case No. 19-cv-12005-ADB |

## JOINT STATUS REPORT

Plaintiff Marjorie Ahumada ("Plaintiff") and Defendant Global Widget, LLC ("Global Widget") hereby submit this Joint Status Report pursuant to the Court's August 11, 2020 Order (the "Stay Order") (ECF No. 34).

The Parties note that they have now resolved this case but are working to finalize the details of their agreement.

## PLAINTIFF'S POSITION

On January 26, 2023, Dr. Janet Woodcock, Principal Deputy Commissioner – Office of the Commissioner of the FDA – announced that <u>the FDA has now completed this process and concluded that the risks of CBD are too great to allow the marketing of CBD products as dietary supplements, and that the FDA does not intend to pursue rulemaking allowing for the use of CBD in dietary supplements or foods</u>. In particular, Dr. Woodcock, on behalf of the FDA, stated the following:

> The use of CBD raises various safety concerns, especially with long-term use. Studies have shown the potential for harm to the liver, interactions with certain medications and possible harm to the male reproductive system. CBD exposure is also concerning when it comes to certain vulnerable populations such as children and those who are pregnant.
> …
> The working group, which I chair, has closely examined studies related to the CBD-based drug Epidiolex, published scientific literature, information submitted to a public docket, as well as studies both conducted and commissioned by the agency. Given the available evidence, <u>it is not apparent how CBD products</u>

> could meet safety standards for dietary supplements or food additives. For example, we have not found adequate evidence to determine how much CBD can be consumed, and for how long, before causing harm. Therefore, we do not intend to pursue rulemaking allowing the use of CBD in dietary supplements or conventional foods.
> ...
> The FDA will continue to take action against CBD and other cannabis-derived products to protect the public, in coordination with state regulatory partners, when appropriate. We will remain diligent in monitoring the marketplace, identifying products that pose risks and acting within our authorities. The FDA looks forward to working with Congress to develop a cross-agency strategy for the regulation of these products to protect the public's health and safety.

www.fda.gov/news-events/press-announcements/fda-concludes-existing-regulatory-frameworks-foods-and-supplements-are-not-appropriate-cannabidiol (emphasis added).

On the same date, January 26, 2023, the FDA denied the requests in three citizens petitions that would allow CBD to be marketed as dietary supplements, stating:

> Such a regulation would be needed in order to provide a potential pathway for CBD products to be lawfully marketed as dietary supplements, because a provision in the law prohibits the marketing of certain drug ingredients as dietary supplements. The FDA's responses explain that we do not intend to initiate such a rulemaking, because in light of the available scientific evidence, it is not apparent how CBD products could meet the applicable safety standard for dietary supplements.
> The separate citizen petitions included other requests related to CBD and dietary supplements that were all thoroughly reviewed and addressed in the respective FDA responses.
> In addition, the FDA issued a statement today on the broader work of the cross-agency Cannabis Product Committee to explore potential regulatory pathways for CBD products. That statement explains that the agency does not consider the existing dietary supplement and conventional food pathways to be appropriate for CBD and that the FDA is interested in working with Congress to develop a new pathway that balances consumers' desire to access CBD products with the regulatory oversight necessary to better manage the risks these products present.

*www.fda.gov/food/cfsan-constituent-updates/fda-issues-response-three-citizen-petitions-related-cbd-and-dietary-supplements.*

The FDA and Congress have been punting this issue back and forth for years, without any end in sight. Several bills to legalize CBD have been introduced in Congress, all of which have gone stale and have not been enacted. However, one item that has remained constant is Congress's intent to make any regulation prospective, and not retroactive. Consequently, Defendant and its counterparts that have been flooding the market with unlawful CBD dietary

supplements will not find reprieve from Congress or the FDA for their past illegal conduct. *See e.g.* H.R. 841, 117th Congress (2021-2022) at www.congress.gov/bill/117th-congress/house-bill/841/text (addressing the legalization of CBD in dietary supplements, beginning 90 days after enactment); H.R. 8179, 116th Congress (2019-2020) at www.congress.gov/bill/116th-congress/house-bill/8179/text?s=1&r=14&q=%7B"search"%3A%5B"CBD"%5D%7D (same).

Thus, should Congress actually come together to act after these many years, it will not make Defendant's past and current misconduct legal. *See e.g. Landgraf v. USI Film*, 114 S.Ct. 1483 (1994) (finding all laws should be read as prospective in application unless Congress has unambiguously instructed retroactivity). Further, if passed, it is likely the FDA and Congress will still impose specific labeling and other requirements for CBD products, further enhancing the unlawful nature of Defendant's conduct.

As indicated in prior status reports to the Court, during its rulemaking analysis, the FDA opened the floor for public comment. From this invitation, CBD companies (including Defendant) provided their best data to the FDA for analysis. Despite throwing everything they had at the FDA, Defendant and its counterparts in the CBD industry were not able to convince the FDA that CBD in dietary supplements and food is safe. Instead, it reaffirmed the FDA's position that the use of CBD raises various safety concerns, especially with long-term use.

For these reasons, Plaintiff respectfully requests that this Honorable Court lift the stay in this action now that the FDA has completed its rulemaking process and refused to pursue rulemaking allowing for the use of CBD in dietary supplements or foods given the serious safety concerns associated with these products.

## **DEFENDANT'S POSITION**

On August 11, 2020, this Court issued an Order staying this action until such time as the FDA completes its rulemaking regarding the marketing, including labelling, of hemp-derived ingestible products. ECF No. 34. Since then, the FDA has not completed the relevant rulemaking

but progress toward that goal has continued. Therefore, the stay remains appropriate. Stays remain in place in all similar pending cases. *See, e.g., Glass v. Global Widget*, No. 2:19-cv-01906 (E.D. Cal. Sept. 18, 2019); *Colette v. CV Sciences., Inc.*, No. 2:19-cv-10227 (C.D. Cal. Dec. 03, 2019); *Dasilva v. Infinite Prod. Co. LLC*, No. 2:19-cv-10148 (C.D. Cal. Nov. 27, 2019); *Moqeet v. Charlotte's Web, Inc.*, No. 2:20-cv-07092 (C.D. Cal. Aug. 06, 2020); *Davis v. cbdMD, Inc.*, No. 2:19-cv-10241 (C.D. Cal. Dec. 03, 2019).

On January 26, 2023, the FDA announced that it remains committed to finding a way forward for CBD products and that a new regulatory pathway is needed to do so. *See* Press Release, FDA (Jan. 26, 2023), https://www.fda.gov/news-events/press-announcements/fda-concludes-existing-regulatory-frameworks-foods-and-supplements-are-not-appropriate-cannabidiol ("Today we are announcing that after careful review, the FDA has concluded that a new regulatory pathway for CBD is needed that balances individuals' desire for access to CBD products with the regulatory oversight needed to manage risks. The agency is prepared to work with Congress on this matter."). The FDA reiterated that it will work "with Congress to develop a cross-agency strategy for the regulation of [CBD] products to protect the public's health and safety." *Id.*

This statement does not affect the need for regulatory guidance from the FDA or Congress regarding CBD products. In fact, the FDA's announcement merely echoes statements it made last year about the need for a new pathway. On May 19, 2022, the FDA Commissioner Dr. Robert M. Califf testified before the House Committee on Appropriations that although "the current authorities we have on the food side or the drug side [don't] necessarily give us what we need to have to get the right pathways forward, **we're going to have to come up with something new.** I'm very committed to doing that."[1] Since then, the FDA's hiring decisions demonstrated its commitment to establishing a new regulatory scheme. In October 2022, the FDA appointed Mr.

---

[1] Fiscal Year 2023 Budget Request for the Food and Drug Administration: Hearing Before Subcomm. on Agriculture, Rural Development, Food and Drug Administration, and Related Agencies, 117 Cong. (2022), *available at* https://appropriations.house.gov/events/hearings/agriculture-hearing-fda-commissioner-robert-m-califf-md (emphasis added).

Norman Birenbaum as a senior public health advisor at the Center for Drug Evaluation and Research. Prior to his appointment, Mr. Birenbaum "oversaw cannabis regulatory schemes in Rhode Island and New York" and "served as the founding president of the Cannabis Regulators Association, an organization of state regulators focused on supporting its 40+ member jurisdictions with policy tracking efforts, best practices, and education about current and emerging regulatory challenges."[2]

Another court, several months *after* the FDA Commissioner testified that the agency requires a new regulatory pathway for CBD, denied a similar plaintiff's request to lift the stay. On December 7, 2022, the court in *Colette v. CV Sciences., Inc.* issued a minute order that denied the plaintiffs' motion and ordering the case remained stayed.[3] The court held: "Plaintiffs' arguments are speculative and unavailing. ... Plaintiffs have failed to provide evidence supporting their statements about the FDA's alleged plans, or lack thereof, to legalize the sale of CBD. Accordingly, the case will remain STAYED until the FDA completes its rulemaking regarding the marketing, including labeling, of CBD ingestible products."[4]

Meanwhile, legislation related to CBD has already been passed. In December 2022, the Medical Marijuana and Cannabidiol Research Expansion Act was signed into law.[5] This law provides additional federal support and funding to facilitate research of cannabis and its potential health benefits and will inform agencies and lawmakers as they develop the new regulatory framework.

Other proposed legislation establishing a regulatory framework for CBD products has been introduced and is moving through the legislative process. On March 17, 2023, a bipartisan group

---

[2] Michael Jordan and Agustin Rodriguez, *FDA Hires Cannabis Policy Expert: Is a New CBD Regulatory Framework Around the Corner?*, Regulatory Oversight (Oct. 7, 2022), *available at* https://www.regulatoryoversight.com/2022/10/fda-hires-cannabis-policy-expert-is-a-new-cbd-regulatory-framework-around-the-corner/ (last accessed Sept. 18, 2023).
[3] Minute Order, No. 2:19-cv-10227, *1 (C.D. Cal. Dec. 07, 2022).
[4] *Id.* at *1-2.
[5] *President Biden Signs Law Expanding Research on Cannabis,* Rutgers Addiction Research Center, *available at* https://www.addiction.rutgers.edu/congress-passes-medical-marijuana-and-cannabidiol-research-expansion-act/ (last accessed Sept. 18, 2023).

of legislators introduced the "CBD Product Safety and Standardization Act of 2023" to provide a regulatory framework for CBD products in food and beverages.[6] That same day, another bill was introduced in the House of Representatives to "[t]o make hemp, cannabidiol derived from hemp, and any other ingredient derived from hemp lawful for use under the Federal Food, Drug, and Cosmetic Act as a dietary ingredient in a dietary supplement, and for other purposes."[7]

It is too soon to know whether the final versions of these bills for passage will contain provisions regarding retroactive applicability. As this Court explained in staying this case, "[w]hether cannabis regulations will apply retroactively is unknown, but given the widespread use and sale of CBD products and particularly the large number of states that have legalized their sale Congress may conclude that fairness, practicality, and comity require retroactive legislation." ECF No. 34 (quoting *Colette v. CV Sciences, Inc.*, No. 2:19-cv-10227-VAP-JEM(x), 2020 WL 2739861, at *5 (C.D. Cal. May 22, 2020); *see also* ECF No. 34 (quoting *Glass v. Glob. Widget, LLC*, No. 219CV01906MCEKJN, 2020 WL 3174688, at *4 (E.D. Cal. June 15, 2020) ("Any presumption against retroactivity, however, may be overcome by statutory authorization.")).

Accordingly, Defendant respectfully submits that a stay remains appropriate. Arguments for lifting the stay are inappropriate for a status report, and as another district court found, Plaintiff should file a motion before a court will consider whether to lift the stay before the FDA has issued regulatory guidance. *See* Minute Order, *Glass v. Glob. Widget, LLC*, No. 219CV1906MCEKJN (E.D. Cal. Dec. 14, 2022).

\* \* \*

Pursuant to this Court's August 11, 2020 Order, the parties will provide an additional joint status report within ninety (90) day and will notify the Court within ten (10) days after the expected FDA regulations are issued.

---

[6] CBD Product Safety and Standardization Act of 2023, H.R. 1628, 118th Cong. (2023), *available at* https://www.congress.gov/bill/118th-congress/house-bill/1628?s=1&r=7.
[7] Hemp and Hemp-Derived CBD Consumer Protection and Market Stabilization Act of 2023, H.R.1629, 118th Cong. (2023), *available at* https://www.congress.gov/bill/118th-congress/house-bill/1629?s=1&r=32.

Respectfully submitted this the 21st day of September, 2023.

*/s/Neal J. Deckant*
Neal J. Deckant (*pro hac vice*)
Brittany S. Scott (*pro hac vice*)
**BURSOR & FISHER, P.A.**
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Tel: (925) 300-4455
Email: ndeckant@bursor.com
       bscott@bursor.com

Frederick J. Klorczyk III (*pro hac vice*)
**BURSOR & FISHER, P.A.**
1330 Avenue of the Americas, 32nd Floor
New York, NY 10019
Tel: (646) 837-712
Email: fklorczyk@bursor.com

*/s/ Emily G. Coughlin*
Emily G. Coughlin, BBO# 55426
Thomas V. DiGangi, BBO#648415
**COUGHLIN BETKE LLP**
175 Federal Street
Boston, MA 02110
(617) 988-8050
ecoughlin@coughlinbetke.com
tdigangi@coughlinbetke.com

*/s/ Sara M. Turner*
**BAKER DONELSON**
Sara M. Turner (*pro hac vice*)
1901 6th Street North, Suite 2600
Birmingham, AL 35203
Telephone: (205) 250-8316
Facsimile: (205) 250-3716
smturner@bakerdonelson.com

Nick Suciu III (*pro hac vice*)
**MILBERG       COLEMAN       BRYSON
PHILLIPS GROSSMAN PLLC**
6905 Telegraph Road Suite 115
Bloomfield Hills, MI 48301
Tel: 313-303-3472
Email: nsuciu@milberg.com

Rachel L. Soffin (*pro hac vice*)
**MILBERG       COLEMAN       BRYSON
PHILLIPS GROSSMAN PLLC**
800 South Gay Street, Suite 1100
Knoxville, TN 37929
Tel: 865-247-0080
Email: rsoffin@milberg.com

Jonathan Shub (*pro hac vice*)
**SHUB & JOHNS LLC**
Four Tower Bridge
200 Barr Harbor Dr.
Suite 400
West Conshohocken, PA 19428
Tel: 610-477-8380
Email: jshub@shublawyers.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of September 2023, I served a copy of the within document to all counsel of record via the Court ECF system.

/s/ Emily G. Coughlin